**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joan Perkons, | ) | |
| Plaintiff, | ) ) ) | No. CV-10-8021-PCT-PGR |
| vs. | ) ) | |
| American Acceptance, LLC, | ) ) | ORDER |
| Defendant. | ) ) | |

  Pending before the Court is Defendant's Motion to Dismiss, filed March 29, 2010, wherein the defendant seeks the dismissal of this action pursuant to Fed.R.Civ.P. 12(b)(5) because its registered agent was not sufficiently served with process.  Having considered the parties' memoranda in light of the record, the Court finds that the motion should be denied.

  Since the defendant has challenged the sufficiency of service on it, albeit quite cursorily, the plaintiff bears the burden of establishing that service was valid under Fed.R.Civ.P. 4.  A return of service generally serves as *prima facie* evidence that service was validly performed. Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir.2008).  In support of her contention that the defendant was validly served, the plaintiff has filed a return of service (doc. #8), wherein the

1   process server, Jayson Swigart, declares that he is at least 18 years old, and that

2   he personally served the defendant on March 8, 2001 by serving Autumn Wise at

3   3606A Morris Ave., Suite 114, Pueblo, CO 81008-1369.  The plaintiff has also

4   submitted a declaration (doc. #9-3) from Swigart, dated April 6, 2010, wherein he

5   states that he entered the defendant's business address on March 8th at

6   approximately 12:49 p.m., that he notified the occupant there that he was there to

7   complete service for a lawsuit involving the defendant and asked if there was

8   anyone present who could accept service, that the occupant identified herself as

9   Autumn Wise and informed him that she was able to accept service on the

10  defendant's behalf, and that she accepted the service documents without

11  objection.  In its memoranda, the defendant states that its registered agent of

12  record is Matthew Boddey at 3606A Morris Ave., #114, Pueblo, CO 81008, that

13  the person with whom Swigart left the service documents is actually named

14  Autumn Saucedo[1], that she was 17 years old at the time of service[2], that she is

15  home-schooled and suffers from ADHD, that she is not the defendant's registered

16  agent and is not authorized to accept service for it.  While the defendant has

17  submitted evidence to substantiate the name and address of its registered agent,

18  it has not rebutted the plaintiff's evidence concerning service on Autumn because

19  it has failed to submit any evidence to substantiate any of its remarks concerning

20  Autumn; the defendant has also failed to submit any evidence as to when and

21  how it learned of the existence of this suit.  The Court concludes that the plaintiff

22

[1]

23      According to the defendant, the name mixup occurred because when
24  Swigart asked Autumn her name, she replied "Autumn, why?"

[2]

25      The defendant's counsel is admonished that setting forth Autumn's
26  date of birth in the defendant's reply is a violation of Fed.R.Civ.P. 5.2(a).

- 2 -

has met her *prima facie* burden of showing that the defendant received actual notice of the complaint and that it was served in substantial compliance with Rule 4.

The defendant, presumably in reliance on Rule 4(h)(1)(B), argues that service of process was improper because its registered agent was not served.[3] Since it is undisputed that Autumn is not the defendant's registered agent, the issue under Rule 4(h)(1)(B) is whether Autumn can be considered to be an appropriate agent for service purposes.  When there is substantial compliance with Rule 4, the Court must liberally construe the rule to uphold service in cases, such as this one, when the defendant has received sufficient notice of the complaint. Travelers Casualty and Surety Co. of America v. Brenneke, 551 F.3d 1132, 1135 (9th Cir.2009).  The undisputed evidence of record is that Autumn was an occupant in the office suite in which the registered agent was located, that the process server, Swigart, informed Autumn that he was there to serve a complaint and asked her who was authorized to accept service, and that Autumn stated that she was able to accept service and did accept service without complaint.  The Court concludes that Rule 4(h)(1)(B), liberally construed, was sufficiently

---

[3]

Rule 4(h)(1)(B) provides that a business entity may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"

The defendant also points out that Swigart stated in his return of service that he is not a registered process server in Arizona, that there is no evidence that Swigart is a registered process server in Colorado, and that it appears that Swigart is related to an attorney in the law firm representing the plaintiff.  The Court concludes that such information is irrelevant to the determination of the motion to dismiss since Fed.R.Civ.P. 4(c)(2) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint."

- 3 -

complied with by Swigart. *See e.g.*, <u>Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.</u>, 840 F.2d 685, 688 (9th Cir.1988) ("Despite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process.  The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice.  Thus, service can be made upon a representative so integrated with the organization that he will know what to do with the papers.  Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.") (Internal quotations marks omitted.) *See also*, <u>Bender v. Intersil Corp.</u>, 2009 WL 2969462, at *2 (N.D.Cal. Sept. 14, 2009) ("Defendant cannot allow individuals at its offices to represent to a process server that a particular individual has authority to accept process and then later complain that service was insufficient.")

Furthermore, even if the Court were to conclude that Rule 4(h)(1)(B) was not sufficiently complied with, which it does not, Rule 4 permits service not only in accordance with the specific methods set forth therein, but also in accordance with the laws of the state in which the district court sits, here Arizona, or in the state in which service is made, here Colorado.  Rule 4(h)(1)(A). The defendant has made no effort to discuss whether service was proper under either Arizona or Colorado law.  The Court concludes that the record is at least marginally sufficient for it to determine that service was sufficient under Colorado law, which permits service upon a registered agent "at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent." C.R.C.P. 4(e)(1).  *See* <u>In re Goodman Associates, LLC v. WP Mountain</u>

- 4 -

Properties, LLC, 222 P.3d 310, 317 (Colo.2010) (In upholding the sufficiency of service under C.R.C.P. 4(e)(1) when process was given to the registered agent's assistant who performed administrative duties for him, the court stated that "the rule provides that service is sufficient if delivery is made to an assistant who performs clerical duties for the person to be served.  The assistant need not work solely or exclusively for the person to be served. ... Beyond ascertaining that an employee falls within an appropriate category ("the person's secretary, administrative assistant, bookkeeper, or managing agent"), a process server is not required to determine that the individual will in fact give the papers to the named individual or agent.  Instead, the burden is on the registered agent to put in place the systems and personnel to make certain that documents reach the registered agent in a timely manner.")  Therefore,

        IT IS ORDERED that Defendant's Motion to Dismiss (doc. #7) is denied.

        DATED this 7th day of June, 2010.


                        Paul G. Rosenblatt
                        United States District Judge