**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joan Perkons, | ) |
| Plaintiff, | ) No. CV-10-8021-PCT-PGR |
| vs. | ) |
| American Acceptance, LLC, | ) <u>ORDER</u> |
| Defendant. | ) |

Pending before the Court is Plaintiffs' [sic] Motion for Default Judgment Against Defendants [sic] American Acceptance, LLC (Doc. 24), which the plaintiff has submitted on the pleadings.  Having considered the record and having determined that no evidentiary hearing is necessary, the Court finds that plaintiff Joan Perkons is entitled to the entry of default judgment against defendant American Acceptance, LLC pursuant to Fed.R.Civ.P. 55(b)(2).

The plaintiff commenced this action on January 26, 2010; the one-count complaint alleges that the defendant's actions in seeking to collect a consumer debt from the plaintiff violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962 *et seq.*[1]  In an order (Doc. 14) entered on June 8, 2010, the

---

[1] The complaint alleges that the defendant violated the following sections

Court denied the defendant's Motion to Dismiss, filed pursuant to Fed.R.Civ.P. 12(b)(5), and determined that the defendant had been properly served with process on March 8, 2010.  In an order (Doc. 20) entered on July 12, 2010, the Court granted the defendant's counsel's unopposed motion to withdraw and required the defendant to substitute new counsel by August 16, 2010, and to file its answer by August 25, 2010; the Court advised the defendant that it would be subject to having default and default judgment entered against it if it failed to timely obtain new counsel.[2]  When the defendant failed to comply with the Court's order, the plaintiff filed its Request to Enter Default Against Defendant American Acceptance, LLC and the Clerk of the Court entered default (Doc. 22) against the defendant on August 27, 2010.[3]

Granting default judgment is within the Court's sound discretion.  In exercising that discretion, the Court may consider such factors as

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986).  After considering these factors as a whole in light of the current record, the Court concludes that entry of

---

of the FDCPA: 15 U.S.C. §§ 1692d and d(2), 1692e, e(2)(A), e(5) and e(10),1692f, and 1692(g).

[2]   A copy of the Court's July 12th order was provided to both the defendant's withdrawing counsel and to the defendant itself.

[3]   Copies of the plaintiff's default request, the Clerk's entry of default, and the plaintiff's motion for default judgment were all served on the defendant itself.

default judgment is appropriate.  As to the first factor, the plaintiff would suffer prejudice if default judgment was not entered because she would be without recourse for recovery.  As to the second and third factors, the complaint adequately alleges several violations of the FDCPA and the defendant, in seeking to challenge only the propriety of service in its Rule 12(b) motion, has not asserted that the complaint fails to state a FDCPA claim.  As to the fourth factor, while the Court does not agree that the plaintiff is entitled to an award of all of the actual damages she is requesting, the sum of money at stake is not completely disproportionate or inappropriate to the allegations made in the complaint.  As to the fifth factor, given the entry of default the Court must accept as true all of the well-pled allegations in the complaint regarding the defendant's FDCPA-based liability, Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir.), *cert. denied*, 537 U.S. 1018 (2002), and the defendant has made no attempt to challenge the allegations in the complaint related to damages.  As to the sixth factor, nothing in the record establishes that the defendant's failure to file an answer was due to excusable neglect given that the defendant, either through prior counsel or through notices sent directly to it by the plaintiff and the Court, has had notice of everything filed in this action.  As to the last factor, the defendant's default has made it impossible to render a decision on the merits.

The FDCPA provides that upon a finding of liability a court may award an individual plaintiff (1) "any actual damage" sustained as a result of the defendant's failure to comply with the FDCPA, 15 U.S.C. § 1692k(a)(1),  (2) "such additional damages as the court may allow, but not exceeding $1,000", 15 U.S.C. § 1692k(a)(2)(A), and (3) "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The

1  defendant's default conclusively establishes its liability for violating the FDCPA.[4]

2  Adriana International Corp, v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990), *cert.*

3  *denied*, 498 U.S. 1109 (1991).

4      The plaintiff requests $20,000 in actual damages; the request is based on

5  the emotional distress the plaintiff states she suffered as a result of the

6  defendant's abusive collection tactics.  While the FDCPA does not define what

7  constitutes "actual damages," it is commonly accepted that damages stemming

8  from emotional distress are compensable under the FDCPA. *See* Baker v. G.C.

9  Services Corp., 677 F.2d 775, 780 (9th Cir.1982) ("The only actual damages that

10 _____

11      [4]

       Very briefly stated, the plaintiff alleges in her complaint and declaration
12 as follows: that the defendant, through an agent named Mary Adams, first called
   the plaintiff around December 16, 2009; that Adams told the plaintiff that there
13 was a judgment against her for more than $26,000; that Adams refused to send
   any documents or notices regarding the debt after the plaintiff requested
14 something in writing regarding the debt; that Adams repeatedly yelled at the
   plaintiff while making statements such as that the defendant was already in court
15 and that the plaintiff's wages and bank accounts would be garnished, that if she
   did not make an immediate payment she would forfeit all settlement offers and
16 would have to pay the full debt and all court costs and attorney's fees which could
   amount to hundreds of thousands of dollars, that she had rejected certified letters
17 concerning the debt and had ignored court paperwork, and that she was a
   deadbeat; that Adams transferred the plaintiff to another agent who refused to
18 provide his or her name and who told her that they had had enough of her B.S.
   and that she needed to pay up; that the plaintiff was transferred to a third agent
19 named Cynthia Johnson to whom the plaintiff, being scared, intimidated and
   confused, gave her bank account information, which resulted in the plaintiff's
20 bank account being debited for $999; that the plaintiff later attempted to have her
   money returned to her because she believed that she was the victim of some sort
21 of fraud; that in a subsequent conversation with Johnson the plaintiff was told that
   the defendant could no longer talked to her as the matter was in the hands of the
22 court; and that in her last conversation with the defendant, the plaintiff asked for
   paperwork concerning the debt but was told that it would take 90-120 days to
23 request that and that because of the request she would not get a pay off of the
   account.
24

25

26

a plaintiff would be likely to incur [under the FDCPA] would be for emotional

distress caused by abusive debt collection practices."); FTC Staff Commentary on

the Fair Debt Collection Practices Act, 53 Fed.Reg. 50097, 50109 (Dec. 13,

1988) (noting that actual damages under the FDCPA include "damages for

personal humiliation, embarrassment, mental anguish, or emotional distress.")

Having reviewed the factual allegations of the complaint, which the Court must

accept as true given the defendant's default, together with the plaintiff's

declaration, and the FDCPA's requirement that the Court consider such factors

as "the frequency and persistence of noncompliance by the debt collector, the

nature of such noncompliance, and the extent to which such noncompliance was

intentional" in determining the amount of damages, 15 U.S.C. § 1692k(b), the

Court concludes that the plaintiff is entitled to an award of actual damages.  The

Court cannot conclude, however, that the plaintiff has sufficiently established that

she is entitled to $20,000 in actual damages.

While the plaintiff asserts that damages for emotional distress may be

recovered under the FDCPA without satisfying the forum state's requirements for

proving the tort of intentional infliction of emotional distress, that is in fact an issue

that the Ninth Circuit has not yet resolved.  District courts within the Ninth Circuit

have split on the issue, with some requiring that the forum state's tort law for

emotional distress be satisfied while others have applied a lower standard akin to

that used in cases brought under the Fair Credit Reporting Act ("FCRA"), which

has an "actual damages" provision virtually identical to that of the FDCPA.

*Compare* Morisaki v. Davenport, Allen & Malone, Inc., 2010 WL 3341566, at *4

(E.D. Cal. Aug. 23, 2010) (recognizing the split of authority within the Ninth Circuit

and adopting the lesser standard that a plaintiff need only offer evidence that she

suffered emotional distress as a result of the FDCPA violation in order to recover emotional distress damages); <u>Fausto v. Credigy Services Corp.</u>, 598 F.Supp.2d 1049, 1054-55 (N.D.Cal.2009) (concluding that a plaintiff may recover emotional distress damages under the FDCPA without proving the elements of the state law cause of action for intentional infliction of emotional distress), *with* <u>Bolton v. Pentagroup Financial Services, LLC</u>, 2009 WL 734038, at *10 (E.D.Cal. March 17, 2009) (recognizing the split of authority and adopting the stricter standard requiring a FDCPA plaintiff to establish the state law elements to sustain a claim for emotional distress damages.)  Given the remedial purpose of the FDCPA and the similarity of its damages provision to that of the FCRA's, which the Ninth Circuit has at least impliedly determined is met simply by the plaintiff tendering evidence of his actual emotional distress without requiring the incorporation of the forum's state's tort elements, *see* <u>Riley v. Giguiere</u>, 631 F.Supp.2d 1295, 1315 (E.D.Cal.2009) (discussing <u>Guimand v. Trans Union Credit Information Co.</u>, 45 F.3d 1329, 1333 (9th Cir.1995), wherein the Ninth Circuit held that the FCRA's "actual damages" provision includes recovery for emotional distress and humiliation, in determining that the FCRA's lesser standard for establishing emotional distress damages applies to the FDCPA), the Court is persuaded that the plaintiff does not have to prove the elements of Arizona's tort of intentional infliction of emotional distress in order to be entitled to emotional distress damages. *See also*, <u>Davis v. Creditors Interchange Receivable Management, LLC</u>, 585 F.Supp.2d 968, 970-976  (N.D. Ohio 2008) (extensively analyzing why state tort law requirements for emotional distress damages are not applicable to the FDCPA).

The only evidence that the plaintiff has submitted to substantiate the

- 6 -

emotional distress the defendant's actions caused her is her declaration.  In that declaration she states that the defendant's actions violative of the FDCPA, which took place over a short period of time commencing in mid-December, 2009, overwhelmed her; that they resulted in her bank account being debited $999, that it took her several weeks to have the withdrawal reversed and that left her in a financial mess during the holiday season which forced her to fall behind on some bills and pay others with high interest credit cards; that they caused her to suffer a great deal of mental anguish in the form of stress, anxiety, sleeplessness, nightmares, hopelessness, nervousness, change in appetite, restlessness, irritability, digestive disorders, chest pains, migraines, depression, sudden weight gain and exacerbation of her pre-existing medical conditions; that she sought medical care for her symptoms and was referred to a cardiologist who conducted an echo cardiogram and heart stress test, and she was given medications for heart arrhythmia and chest pain; that the results of the heart test revealed scar tissue around her heart, a hole in her heart, and a prolapsed mitral value; and that the plaintiff believes that her heart problems were caused by prolonged stress stemming from the defendant's actions and the consequences of those actions over the previous year.  The plaintiff has not submitted any corroborating medical evidence, or any other corroborating evidence from any other source.

While the Ninth Circuit has not specifically ruled on whether corroborating evidence is necessary to prove the amount of emotional distress damages awardable under the FDCPA, it has generally stated that emotional distress damages can be awarded without corroborative evidence where circumstances make it obvious that a reasonable person would suffer significant emotion harm. Hartung v. JD. Byrider, Inc., 2009 WL 1876690, at *8 (E.D.Cal. June 26, 2009)

(citing to In re Dawson, 390 F.3d 1139, 1150 (9th Cir.2004), wherein the Ninth Circuit discussed the type of proof needed to establish emotional distress damages stemming from a violation of the automatic bankruptcy stay.)  While the Court recognizes that the plaintiff's declaration is relatively conclusory, the Court concludes that the evidence of record is sufficient to establish that a reasonable person would have suffered at least some significant emotional distress given the circumstances.  The Court deems an award of $5,000 damages sufficient to compensate the plaintiff for her emotional distress under 15 U.S.C. § 1692k(a)(1).  See e.g., Kajbos v. Maximum Recover Solutions, Inc., 2010 WL 2035788, at *3 (D.Ariz. May 20, 2010) (Relying on the plaintiffs' essentially identical and fairly conclusory declarations, the court awarded $5,000 in actual damages per plaintiff under the FDCPA as a result of the plaintiffs' emotional distress and mental anguish in the form of fear of answering the telephone, sleeplessness, feelings of hopelessness, pessimism, and nervousness which impacted their jobs, their personal relationships, and created marital instability.)

The plaintiff also requests statutory damages in the amount of $1,000.  The Court concludes that such an award is appropriate pursuant to 15 U.S.C. §1692k(a)(2)(A) given that the plaintiff has established that the defendant committed multiple violations of the FDCPA.

The plaintiff further requests attorney's fees in the amount of $6,875 and costs in the amount of $513.38.  The plaintiff's counsel seeks an hourly rate of $275, which he has supported through his declaration setting forth his three-years of experience litigating FDCPA cases, his continuing education in the area of fair debt collection practices, and attorney fees he as been awarded in similar cases, as well as the substantiating declaration of his law firm's supervising partner.

- 8 -

Given the plaintiff's counsel's training, experience and skill level, the Court concludes that the hourly rate charged is reasonable and consistent with the prevailing market rate in the greater Phoenix area for lawyers of his skill level. Having reviewed the plaintiff's counsel's timekeeping records, the Court also concludes that the 25 hours that the plaintiff's counsel billed in this action, which reflects a billing judgment reduction of 6.3 hours, is reasonable. The Court further concludes that the plaintiff has sufficiently established that she is entitled to the requested $513.38 in compensable costs, which consists of a $350 filing fee, a $150 service of process fee, and $13.38 for photocopying and postage fees. Therefore,

IT IS ORDERED that Plaintiffs' [sic] Motion for Default Judgment Against Defendants [sic] American Acceptance, LLC (Doc. 24) is granted and that plaintiff Joan Perkons is awarded a total of $13,388.38 from defendant American Acceptance, LLC, consisting of actual damages of $5,000.00 pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and $7,388.38 in attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 28th day of November, 2010.

Paul G. Rosenblatt
United States District Judge